# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LASHONE MIDDLETON-THOMAS and GUINANS CLEVELAND<br><br>Plaintiffs,<br><br>vs.<br><br>PIAT, INC.<br>f/k/a SERVPRO OF OLATHE/LENEXA, INC.<br><br>Defendant. | Case No. 17-cv-02023-JWL |

## JOINT PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Plaintiffs allege that Defendant has discriminated against them on the basis of their race and age. The parties anticipate that certain documents and information will be requested in discovery to support Plaintiff's claims, including medical records, personnel records, and other confidential personnel and business documents. For example, Plaintiffs may request documents and information regarding Defendant's operations that are proprietary in nature. Plaintiffs may also request information and records regarding

Defendant's employees who are not, and are not expected to be, parties to this action. Defendant considers its proprietary information and employment records to be private and/or confidential.

In support of its defenses, Defendant anticipates requesting or has requested documents and information regarding Plaintiffs' finances, medical issues, educational background, and mental condition. Plaintiffs consider their personal information to be private and/or confidential. The purpose of this Protective Order is to prevent and/or limit the disclosure of documents and information the parties appropriately deem private and/or confidential.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1. **Scope**. All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information**. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith as having been previously maintained in a confidential manner and requiring protection from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: healthcare records, personnel records regarding Plaintiffs and non-parties, proprietary and confidential economic and financial information,

financial statements and records, and such other similar information the parties deem to be confidential and/or proprietary.

Information or documents that are available to the public may not be designated as Confidential Information.

    3.    **Form and Timing of Designation**. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied before or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Information as defined in this Order. If the non-producing party believes the producing party has produced documents containing Confidential Information, the non-producing party may notify the producing party in writing, and all parties agree to maintain the confidentiality of the documents as if they were originally marked "CONFIDENTIAL."

4. **Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted as soon as possible after discovery of the inadvertent failure.

5. **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material**.

   **(a)** **General Protections**. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

   **(b)** **Who May View Designated Confidential Information**. Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

   (1) The parties and counsel working on this action on behalf of any party, and all assistants and stenographic and clerical employees working under the direct supervision of counsel;

   (2) Any person not employed by a party who is expressly retained by a party to this Order, or any attorney described in paragraph 6(b), to assist in litigation of this action, with disclosure of Confidential Information only to the extent necessary to perform such work;

(3) Court reporters and any person who is the author or recipient of the confidential materials of whom testimony is taken, except that such persons may be shown copies of Confidential Information only during such testimony and may not retain any Confidential Information or copies thereof;

(4) The Court or its staff in connection with the Court's administration and adjudication of this action, the jury, and any individual retained by the parties for purposes of mediating or otherwise adjudicating Plaintiffs' claims. All proceedings involving this Order shall be subject to the Order;

(5) Defendant's officers, directors, and employees'

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(8) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been

given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Disclosure of Confidential Information may only be made after the individual to whom the Confidential Information is to be disclosed executes a written declaration in the form attached hereto as Exhibit A.

7. **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. *Pro hac vice* attorneys must obtain sealed documents from local counsel.

8. **Challenges to a Confidential Designation**. The designation by any party of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing**. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation**.

    (a) **Order Remains in Effect**. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) **Return of Confidential Documents**. Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above,

must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure, and counsel for the party receiving the Confidential Information shall sign and provide to counsel for the party producing the Confidential Information a certification attesting to such destruction; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

      (c) **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11. **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled

to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14. **Jurisdiction**. The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product**. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within twenty-one (21) days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: August 16, 2017

              s/ James P. O'Hara
             James P. O'Hara
             U.S. Magistrate Judge

# ACKNOWLEDGMENT
# AND
# AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2017, in the case captioned *LaShone Middleton-Thomas and Carol Cleveland v. Piat, Inc. f/k/a ServPro of Olathe/Lenexa, Inc.*, Case No. 2:17-cv-02023-JWL-JPO, and the undersigned understands the terms thereof and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____ _____
Signature

Respectfully submitted,

| | |
|---|---|
| The LAKE LAW FIRM, LLC | DYSART TAYLOR COTTER<br>McMONIGLE & MONTEMORE, P.C. |
| By  */s/ Stacy A. Lake*<br>Stacy A. Lake, KS #27020<br>817 E. 31st Street<br>Kansas City, MO 64109<br>Phone: (816) 600-8000<br>Fax: (816) 600-8918<br>Stacylake808@gmail.com<br><br>ATTORNEY FOR PLAINTIFFS | By  */s/ Anne E. Baggott*<br>Patrick K. McMonigle, KsFed #70115<br>Amanda Pennington Ketchum, KS #20559<br>Anne E. Baggott, KS #23629<br>4420 Madison Avenue, Suite 200<br>Kansas City, MO  64111<br>T: (816) 931-2700<br>Fax: (816) 931-7377<br>pmcmonigle@dysarttaylor.com<br>aketchum@dysarttaylor.com<br>abaggott@dysarttaylor.com<br><br>ATTORNEYS FOR DEFENDANT |