UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LASHONE MIDDLETON-THOMAS and
GUINANS CAROL CLEVELAND,

                              Plaintiffs,

v.                                              Case No. 17-2023-JWL

PIAT, INC. f/k/a ServePro of
Olathe/Lenexa, Inc.,

                              Defendant.

## SECOND AMENDED SCHEDULING ORDER

Plaintiffs have filed a motion asking the court to modify the scheduling order[1] by extending the deadline for the completion of discovery by sixty days (ECF No. 81). Plaintiffs have shown good cause for a small extension, but not one as extensive as requested. Thus, the motion is granted in part and denied in part.

Motions to modify a scheduling order are governed by Fed. R. Civ. P. 16(b)(4), which provides, "A schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[2] "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded

---

[1] ECF No. 14, as amended by ECF No. 67.

[2] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[3] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[4]

The amended scheduling order set December 20, 2017, as the discovery deadline. Plaintiffs served interrogatories and requests for production of documents in August, 2017. Defendant responded to such discovery in September, 2017. Thereafter, the parties engaged in multiple discussions about the sufficiency of defendant's responses, and plaintiffs requested and received multiple extensions from the court for bringing a motion to compel discovery should the parties not resolve their discovery disputes. Fortunately, the parties did resolve their disputes, and defendant produced more than 5,000 additional pages of documents between December 14, 2017, and December 19, 2017.[5]

Plaintiffs assert that, despite their counsel's diligence, she is unable to review the newly produced documents, much less depose witnesses that are identified based on that review or seek further written discovery based on that review, before discovery ends on

---

[3] *MW Builders, Inc. v. Fire Prot. Grp.*, No. 16-2340, 2017 WL 3994884, at *2 (D. Kan. Sept. 7, 2017) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[4] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[5] *See* ECF Nos. 84-2 (discussing production of documents bates stamped ServPro 5231-6426) and ECF No. 85-1 (discussing production of documents bates stamped ServPro 7000-10991).

December 20, 2017.  The court finds plaintiffs have demonstrated good cause for a short extension of the discovery deadline to allow their counsel more time to conduct any follow-up discovery resulting from the recently produced documents.  The scheduling order therefore is amended as follows:

a.    All discovery shall be commenced or served in time to be completed by **February 2, 2018**.

b.    The final pretrial conference is rescheduled from January 19, 2018, to **February 15, 2018, at 10:30 a.m.**, in the U.S. Courthouse, Room 223, 500 State Avenue, Kansas City, Kansas.  No later than **February 8, 2018**, defendant shall submit the parties' proposed pretrial order as an attachment to an e-mail directed to ksd_ohara_chambers@ksd.uscourts.gov.  It shall be in the form available on the court's website (www.ksd.uscourts.gov), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.

c.    In order to preserve the trial date earlier set by the court, the deadline for filing potentially dispositive motions shall remain **March 1, 2018**.

All other provisions of the original and first amended scheduling orders shall remain in effect.  The schedule adopted in this second amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

O:\ORDERS\17-2023-JWL-81.docx

Dated December 20, 2017, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge