UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LASHONE MIDDLETON-THOMAS and
GUINANS CAROL CLEVELAND,

                Plaintiffs,

v.                                    Case No. 17-2023-JWL

PIAT, INC. f/k/a ServePro of
Olathe/Lenexa, Inc.,

                Defendant.

## **THIRD AMENDED SCHEDULING ORDER**

Plaintiffs have filed a motion asking the court to modify the scheduling order[1] by again extending the deadline for the completion of discovery (ECF No. 111). Defendant opposes the motion. The undersigned held a hearing on the motion on January 31, 2018, at which the parties supplemented their written arguments. For the reasons stated on the record at the hearing and in writing below, the court concludes plaintiffs have failed to show good cause for the requested extension, and the motion is denied. However, on the court's own motion, in the interest of ensuring that this case is resolved on its merits and to avoid satellite litigation over professional-responsibility issues, the court is exercising its inherent discretion to modify the scheduling order so as to give plaintiffs one last opportunity to obtain deposition testimony.

---

[1] ECF No. 14, as amended by ECF Nos. 67 & 86.

O:\ORDERS\17-2023-JWL-111.docx

Motions to modify a scheduling order are governed by Fed. R. Civ. P. 16(b)(4), which provides, "A schedule may be modified only for good cause and with the judge's consent."  "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[2]  "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[3] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[4]

Under the original scheduling order, the court approved the parties' joint request for a fairly generous period of six months for discovery, setting a cutoff of November 1, 2017.[5]  The court subsequently extended that deadline, upon the parties' joint motion, to December 20, 2017.[6]  On December 20, 2017, the court granted a request by plaintiffs (which defendant opposed) to again extend the discovery deadline, and set the new

---

[2] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[3] *MW Builders, Inc. v. Fire Prot. Grp.*, No. 16-2340, 2017 WL 3994884, at *2 (D. Kan. Sept. 7, 2017) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[4] *Paris v. Sw. Bell Tel. Co*., 94 F. App'x 810, 816 (10th Cir. 2004).

[5] ECF No. 14.

[6] ECF No. 67.

deadline as February 2, 2018.[7]   The court found good cause for the second extension because defendant had produced a significant number of documents on December 15–19, 2017, and plaintiffs' counsel understandably asserted a need to review them before conducting depositions.[8]   Beginning on January 16, 2018, plaintiffs noticed the depositions of ten witnesses for the one-week period before the scheduled close of discovery, January 26–February 2, 2018.[9]

Late on the afternoon of January 25, 2018, just before the first of the depositions was set to begin, plaintiff filed the instant motion for extension of the discovery deadline, along with a notice unilaterally "withdrawing" the depositions of all ten witnesses.[10] Plaintiffs' motion for a discovery extension asserts that, despite their counsel's best efforts, counsel has not finished reviewing the 17,000 pages of documents defendants produced in December (i.e., the production on which the court based its last extension).[11] Plaintiffs state their counsel's time was diverted by (1) having to respond to a motion for summary judgment defendants filed on December 20, 2017 (which motion argued

---

[7] ECF No. 86.

[8] *Id.* at 2-3.

[9] ECF Nos. 94-103, 105, 109, & 110.

[10] ECF No. 112.

[11] Although defendant reproduced the documents with corrected page numbers on January 9, 2018, it is undisputed that plaintiffs had copies of the substantive documents by December 19, 2017.

plaintiff LaShone Middleton-Thomas's claims were barred by judicial estoppel on account of her failure to disclose the claims in a "Chapter 13" bankruptcy proceeding), and (2) a one-day trial in state court. Plaintiffs also note defendant delayed its responses to plaintiffs' amended interrogatories (regarding two affirmative defenses) until January 29, 2018, and recently notified plaintiffs that one of its employees whom plaintiffs had noticed for deposition, Roy Coleman, has been on sick leave from the company and has not responded to counsel's attempts to reach him.

In weighing these facts, the court believes discovery still could have been completed by the February 2, 2018 extended deadline had diligence been exercised by plaintiffs' counsel. Plaintiffs' counsel had more than five weeks to review the documents before the first deposition was scheduled. Plaintiffs' counsel concedes that more than 10,000 pages of the documents produced are employee time records only relevant to plaintiffs' allegation that African American employees were required to keep more detailed records than Caucasian employees. Thus, reviewing these documents to validate this allegation should have been a relatively fast and easy process, whether through sampling or otherwise. Plaintiffs' counsel does complain that the records as produced were not organized by race, name, or sequential date, but defense counsel represented at the hearing, and later confirmed to the court after discussing the matter with her client, that the records were produced as defendant keeps them in the ordinary course of business.

In addition, the court attributes little weight to defendant's delay in responding to plaintiffs' amended interrogatories, as the record indicates defense counsel asked plaintiffs' counsel for an extension and never heard back from plaintiffs' counsel opposing the request or asserting a need for the responses prior to the start of depositions. Likewise, the court has no qualms with the parties continuing to work on the logistics for the Coleman deposition; defendant offered to allow plaintiffs to conduct this deposition after the close of discovery.

The court is very concerned with the potentially catastrophic approach plaintiffs' counsel took when she unilaterally canceled depositions the day before they were noticed to begin, without giving the court the opportunity to consider plaintiffs' requested extension.  Plaintiffs' counsel concedes she did not specifically ask defense counsel whether the discovery deadline could be extended to push back the depositions, nor did she contact the court to get guidance on her perceived inability to go forward with the depositions scheduled to begin the next day.  Counsel left her clients exposed to the distinct possibility of the court denying the requested extension and discovery ending without plaintiffs having obtained testimony necessary to effectively respond to defendant's anticipated, merits-based, motion for summary judgment.  In addition, defendant has requested the court order plaintiffs to pay all fees and costs associated with defendant having to re-prepare for the depositions if re-set, and thus plaintiffs' counsel put her clients at risk of financial liability.

O:\ORDERS\17-2023-JWL-111.docx

The court concludes plaintiffs have not demonstrated good cause under Rule 16 to amend the scheduling order. But, as noted above, it is in the interest of justice to ensure that cases are resolved on their merits. There is no allegation or indication in this case that plaintiffs or their counsel acted in bad faith. Rather, the facts suggest that discovery has been mismanaged by a relatively inexperienced attorney. Moreover, any prejudice defendant might suffer by extending deposition discovery can be alleviated by the cost-shifting arrangement discussed below. And finally, giving plaintiffs more time to take depositions won't result in pushing back the existing trial setting or leave the court inadequate time to decide dispositive motions. Therefore, on the court's own motion and in its inherent discretion to manage this case, the scheduling order is amended as follows:

a.    The discovery deadline is extended, for depositions only, to **February 27, 2018**. The court and parties agreed on the following deposition schedule, with all depositions to begin at 9:00 a.m. at the office of Alaris Litigation Services in Kansas City, Missouri:[12]

- February 6, 2018: defendant's Rule 30(b)(6) representatives

- February 7, 2018: Cory Bates

- February 9, 2018: Mike Hogan

- February 15, 2018: Veneta Smith and Josefina Ortiz

- February 16, 2018: Vernon Butcher and Mary Hill

---

[12] The original scheduling order continues to govern the time limits for these depositions.

- February 21, 2018: Thomas Robinson

- February 26, 2018: Fannie Stokes and Roy Coleman

b.      The final pretrial conference is rescheduled from February 15, 2018, to **March 20, 2018, at 9:00 a.m.**, in the U.S. Courthouse, Room 223, 500 State Avenue, Kansas City, Kansas.  No later than **March 2, 2018**, defendant shall submit the parties' proposed pretrial order as an attachment to an e-mail directed to ksd_ohara_chambers@ksd.uscourts.gov.  It shall be in the form available on the court's website (www.ksd.uscourts.gov), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.

c.      The new deadline for filing potentially dispositive motions is **April 2, 2018**.

d.      The case remains set for trial on a docket that will begin on **October 1, 2018**.

e.      As discussed on the record, defense counsel may submit to plaintiffs' counsel a detailed billing statement for up to three hours of defense counsel's time, at a rate of $250 per hour, for any additional deposition preparation incurred as a result of the deposition rescheduling.  Plaintiffs and/or their counsel are required to pay the bill within **14 days** of receipt or risk having this case dismissed.

All other provisions of the original and amended scheduling orders shall remain in effect.   To get this case back on track for timely resolution, no further discovery extensions will be granted, regardless of the circumstances.

IT IS SO ORDERED.

Dated January 31, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge