## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**LaShone Middleton-Thomas and**
**Guinans Carol Cleveland,**

           **Plaintiffs,**

**v.**                                   **Case No. 17-2023-JWL**

**Piat, Inc.**
**f/k/a ServPro of Olathe/Lenexa, Inc.,**

           **Defendant.**

### <u>MEMORANDUM & ORDER</u>

Plaintiffs filed this lawsuit against defendant Piat, Inc. alleging race discrimination, racial harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.  Plaintiffs also assert claims of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.  Plaintiff Cleveland asserts two additional claims—a claim for retaliation under the ADEA and a state law claim for retaliatory discharge.  This matter is presently before the court on defendant's motion for summary judgment on the claims of plaintiff LaShone Middleton-Thomas (doc. 87).  Specifically, defendant contends that plaintiff's claims are barred by the doctrine of judicial estoppel because plaintiff failed to disclose the claims asserted in this case as assets in the context of her Chapter 13 bankruptcy proceeding.  As will be explained, the motion is denied.

**I.**       **Facts**

The following facts are uncontroverted or related in the light most favorable to plaintiff as the nonmoving party.  Plaintiff LaShone Middleton-Thomas began her employment with defendant in February 2015.  She testified that she believed she experienced "discrimination" in her employment as early as September 2015 and, at that time, she began keeping a diary to maintain a "day to day" account of "things" she was experiencing in the workplace.  She testified that she believed that the diary might assist her if she ever had to sue her employer in the future.  Plaintiff further testified that she wanted to have a "record" if she experienced anything at work that she believed to be discriminatory.

On January 27, 2016, plaintiff commenced a Chapter 13 bankruptcy case by filing a Voluntary Petition with the bankruptcy court.  The petition contained various schedules, which are the only schedules filed in her bankruptcy case, wherein plaintiff under penalty of perjury disclosed her assets to the bankruptcy court and her creditors.  In response to a question that asked whether plaintiff had any legal or equitable interest in any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," plaintiff checked the box marked "No."  That question provided specific examples such as "accidents, employment disputes, insurance claims, or rights to sue."  Plaintiff did not disclose any claim against defendant to the bankruptcy court.

On January 28, 2016, plaintiff filed an amended proposed Chapter 13 Plan providing the payments that would be made to the trustee (and, ultimately, her creditors) as part of her bankruptcy case.  On April 28, 2016, the bankruptcy court entered an Order Confirming Plan. The confirmation plan cautioned plaintiff that she had a duty to report to the trustee any events

affecting disposable income which were not projected in the schedules, including lawsuits that were "received or receivable" during the term of the plan, which would not exceed 5 years.

In September 2016, plaintiff filed a charge of discrimination against defendant with the EEOC.  She filed this lawsuit against defendant on January 14, 2017 in which she alleges that she experienced discrimination on the basis of race and age during her employment.  Plaintiff did not amend her bankruptcy schedules to reflect her lawsuit and did not report to the trustee that she had filed the lawsuit.  However, as soon as defendant's counsel, in November 2017, represented to plaintiff that she was required to report this lawsuit to the trustee in her bankruptcy case, plaintiff notified her counsel in her bankruptcy case about this lawsuit and requested that her counsel correct any deficiency promptly.  Plaintiff avers that her bankruptcy counsel assured her that they would make the amendment but that she did not need to worry about nondisclosure because the bankruptcy case was not yet completed.[1]  An amended schedule was filed on December 20, 2017.

Additional facts will be provided as they relate to the specific arguments raised by the parties in their submissions.

## II.    Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  *Water Pik, Inc. v. Med–Systems, Inc.*,

---

[1] Defendant contends that the court cannot consider these statements as reported by plaintiff because they constitute inadmissible hearsay.  Because the statements are not offered to prove the truth of the matter stated, the objection is overruled.

726 F.3d 1136, 1143 (10th Cir. 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc*., 726 F.3d at 1143 (quotation omitted). "The nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Id*. at 1143-44.

### III.    Discussion

In its motion for summary judgment, defendant asserts that plaintiff's claims are barred by the doctrine of judicial estoppel because plaintiff failed to disclose her claims in connection with her Chapter 13 bankruptcy proceedings. The doctrine of judicial estoppel is a discretionary remedy that is based upon protecting the integrity of the judicial system by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Vehicle Market Research, Inc. v. Mitchell Int'l, Inc*., 767 F.3d 987, 992-93 (10th Cir. 2014) (citations and quotations omitted). Although "there is no precise formula for judicial estoppel," the doctrine generally applies "when (1) a party takes a position clearly inconsistent with an earlier-taken position; (2) adopting the later, inconsistent, position would create an impression that either the earlier or the later court was misled; and (3) allowing the party to change their position would give them an unfair advantage." *Id*. at 993 (quoting *Hansen v. Harper Excavating, Inc*., 641 F.3d 1216, 1227 (10th Cir. 2011)). The Circuit applies the doctrine "both narrowly and cautiously." *Id*. (quoting *Hansen*, 641 F.3d at 1227).

4

On this record, defendant has not satisfied its burden of establishing that the doctrine applies.    More specifically, defendant has not met its burden of showing any "clearly inconsistent" statements made by plaintiff sufficient to invoke the doctrine of judicial estoppel. According to defendant, plaintiff's January 27, 2016 statement in her bankruptcy petition that she had no claims against her employer is inconsistent with the allegations in plaintiff's complaint (filed nearly one year after her bankruptcy petition) in which she asserts that she experienced discrimination throughout her employment with defendant.   Defendant also asserts that plaintiff's September 2015 diary proves that she had a potential claim back in September 2015 that she failed to disclose in January 2016.   But there is no evidence in the record, no allegation in the complaint, and no entry in plaintiff's diary suggesting that plaintiff had experienced any discrete acts of discrimination prior to the time she filed her bankruptcy petition in January 2016.   And plaintiff, in this lawsuit, does not assert any claims against defendant based on discrete acts that occurred prior to January 2016.

To the extent that plaintiff alleges that she experienced discrimination throughout her employment, these allegations describe repeated conduct in support of plaintiff's racial harassment claim which, by its very nature, "cannot be said to occur on any particular day.   It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).  Similarly, the fact that plaintiff may have started recording certain employment experiences in September 2015 does not, as a matter of law, indicate that she had a potential claim against defendant at that time.   Bearing in mind that judicial estoppel is an affirmative defense that its proponent must prove, defendant has not demonstrated that

plaintiff's January 2016 statement in her bankruptcy case was "clearly inconsistent" with any statement she has made in this case. *See Vehicle Market Research*, 767 F.3d at 993-94 (looking "with a strict eye" at whether judicial estoppel should be applied and requiring proponent to "show proof" of a "clearly inconsistent" statement) (reversing grant of summary judgment on judicial estoppel grounds where proponent failed to show that statements were "sufficiently clearly inconsistent").

Defendant's reliance on the Circuit's opinion in *Autos, Inc. v. Gowin*, 244 Fed. Appx. 885 (10th Cir. Aug. 9, 2007) is misplaced. In that case, the Circuit held that dismissal of a Chapter 13 debtor's claims against a car dealership was appropriate on judicial estoppel grounds because the debtor had knowingly failed to schedule the claims in her bankruptcy plan. *Id*. at 886. Although the debtor's plan was confirmed eight months before the debtor filed her lawsuit against the dealership, *id*. at 887-88, the district court had determined that the debtor had knowledge of her claims before the confirmation of her bankruptcy plan. *Id*. at 890. While the Circuit noted that the debtor's "nondisclosure might have been mitigated by evidence that she discovered her claims against Autos after plan confirmation," the debtor had not challenged the district court's conclusion on appeal. *Id*. at 890 & n.4. It was undisputed, then, that the debtor knew that the dealership had repossessed her car well before her plan was confirmed and yet never amended her schedules. *Id*. at 891. By contrast, factual issues exist here as to whether plaintiff had knowledge of her claims prior to the confirmation of her bankruptcy plan. Her plan was confirmed in April 2016 and defendant has not proven that any discrete claims of

discrimination had accrued at that point.[2]  In short, genuine issues of material fact exist as to whether plaintiff had knowledge of her claims at the time she filed her petition in January 2016.

As an alternative to its claim that plaintiff's January 2016 statement is inconsistent with her statements in this case, defendant asserts that judicial estoppel should be invoked because plaintiff had a duty to amend her schedules to report her claims once those claims accrued or, at a minimum, once she filed her lawsuit.  But defendant directs the court to no Tenth Circuit case finding, in the context of a Chapter 13 bankruptcy, a duty to amend a schedule to reflect claims that accrued post-confirmation and prior to discharge.  Defendant relies primarily on language in the confirmation plan that requires the debtor to report to the trustee "any events affecting disposable income which are not projected on Schedules I and J, including but not limited to tax refunds, inheritances, prizes, lawsuits, gifts, etc., that are received or receivable during the pending of the case."  Defendant does not articulate, however, how plaintiff's pending lawsuit is an "event" that affects her "disposable income" (or how that lawsuit is "receivable") when plaintiff has not obtained a judgment in that lawsuit and may, in fact, obtain nothing at all.  The purpose of the duty to report changes in disposable income to the trustee is to notify the trustee that more money has become available for plan payments so that the trustee or a creditor may request plan modification if appropriate.  *See In re Nunez*, 2014 WL 4473842, at *1 (Bankr. D. Colo. 2014).  At present, plaintiff's lawsuit has no bearing on the amount of money available for plan payments.  *Compare In re Midkiff*, 342 F.3d 1194, 1202 (10th Cir. 2003) (under specific

---

[2] Defendant's reliance on *Higgins v. Potter*, 416 Fed. Appx. 731 (10th Cir. Mar. 22, 2011) is similarly unpersuasive.  In *Higgins*, the plaintiff's Chapter 13 bankruptcy petition was filed after she filed her lawsuit and, thus, she clearly had knowledge of her claims and her failure to disclose those claims warranted the application of judicial estoppel.

language of confirmation plan at issue, Chapter 13 debtor had a duty to inform trustee of tax refund to which debtor was entitled during the first three years of the plan).

Neither does defendant direct the court to any statutory duty to amend a Chapter 13 schedule to reflect claims that accrued post-confirmation but prior to discharge. Indeed, the Bankruptcy Code does not discuss a debtor's duty to amend a bankruptcy schedule. *See* 9 *Collier on Bankruptcy* ¶ 1007.08 (16th ed.) (Bankruptcy Code does not provide any means for the trustee to learn of after-acquired property interests, but Federal Rules of Bankruptcy Procedure require debtor to file supplemental schedule within 14 days after debtor learns of acquisition or right to acquire "property" within the scope of §541(a)(5)). But even assuming a duty exists to amend a schedule to reflect "property" obtained post-confirmation, defendant has not addressed the pertinent rules regarding supplemental schedules or how those rules might come into play in the context of this particular case.

Defendant relies on *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010) in support of its argument that plaintiff was required to update her bankruptcy schedule to reflect her pending lawsuit. But *Robinson* relied on established Eleventh Circuit precedent that required a Chapter 13 debtor to disclose changes in assets and, in light of that precedent, held that the plaintiff was required to update her bankruptcy schedules to reflect a pending lawsuit against Tyson. *Id*. at 1274. The court is not persuaded that the Tenth Circuit would follow the Eleventh Circuit on that issue, particularly in light of its decision in *Vehicle Market Research, Inc. v. Mitchell Int'l, Inc*., 767 F.3d 987 (2014). In that case, the Tenth Circuit declined to hold that a debtor had a duty to amend his bankruptcy schedules to reflect a change in the value of an asset and declined to apply the doctrine of judicial estoppel in the context of an argument that

8

the debtor had a "continuing duty to update" his schedules. *Id*. at 997-99. In doing so, the Circuit clearly rejected what it perceived as the district court's "overly robust" application of a "disfavored remedy" like judicial estoppel and cautioned that federal courts should be reluctant to "weigh in" on issues relating to debtors' duties in the context of judicial estoppel because such issues are more appropriately resolved in bankruptcy cases "where the question is whether a discharge of bankruptcy should be granted to a debtor given his failure to amend his schedules." *Id.* at 997, 999.

Moreover, the facts in *Robinson* are distinguishable from those presented here. The plaintiff in *Robinson* never amended her schedules and was granted a full discharge nine months after filing her lawsuit. That fact, coupled with the debtor's history of not disclosing other claims in her bankruptcy petition and evidence that the debtor showed a risk of no repayment, led the court to conclude that the plaintiff had a motive to conceal her claims. In this case, plaintiff discovered her claim, filed her lawsuit and amended her schedules prior to discharge. There is no evidence that plaintiff is at risk for nonpayment or that she has a history of nondisclosure. She avers that her failure to amend her schedules was inadvertent. Thus, the difference between the failure-to-amend in *Robinson* and the "actual but untimely" amendment in this case is significant and does not permit the inference drawn in *Robinson*. *See Smith v. Werner Enterprises, Inc*., 65 F. Supp. 3d 1305, 1311 (S.D. Ala. 2014) (refusing to apply *Robinson* where the debtor failed to amend schedules in timely manner but amended during

second year of a confirmed 5-year plan and no events significant to the bankruptcy occurred during that time).[3]

For the foregoing reasons, the court denies defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 87) is **denied.**

**IT IS SO ORDERED.**

Dated this 13th day of February, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3] The court is also not persuaded by defendant's argument here that judicial estoppel should be applied because plaintiff did not amend her schedules until after the filing of defendant's motion for summary judgment, particularly because the amendment was filed long before any possible benefit from nondisclosure could be realized. *See Smith*, 65 F. Supp. 3d at 1312 (evidence that amendment was made only after filing of dispositive motion was at best ambiguous as to intent to mislead and, on summary judgment, defendant "does not win in the face of ambiguity").